UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAQUILLE BROWN,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16v1286 (MPS) |
| CAPTAIN RIVERA, ET AL.,<br>    Defendants. | :<br>:<br>: |

## **ORDER OF DISMISSAL**

The plaintiff, Shaquille Brown, commenced this civil rights action *pro se* by filing a complaint pursuant to 42 U.S.C. § 1983 against Captain Rivera, Warden Carol Chapdelaine, Counselor Supervisor John Aldi and District Administrator Angel Quiros. At the time, the plaintiff was confined at the MacDougall-Walker Correctional Institution.

On November 21, 2016, the court concluded that the Eighth Amendment deliberate indifference to safety and failure to protect from harm claims would proceed against the defendants in their individual and official capacities. *See* Initial Review Order, ECF No. 7. On February 28, 2017, the defendants filed an answer to the complaint.

On May 9, 2017, the defendants moved for an order to show cause why the case should not be dismissed for failure to prosecute. Counsel for the defendants stated that he had sent a Notice of Deposition to the plaintiff to appear for a deposition on May 17, 2017. On April 30, 2017, the United States Postal Service returned the notice to counsel as undeliverable. Counsel represented that the plaintiff had not contacted him or provided a current address where he might be reached.

Department of Correction records reflect that the plaintiff is no longer incarcerated in a prison facility in Connecticut[1] and counsel for the defendants has filed documentation of the plaintiff's discharge date as April 13, 2017. *See* Mem. Supp. Mot. Order Show Cause, Ex. A, ECF No. 19-2. The plaintiff did not respond to the defendants' motion and has not otherwise contacted the court since he filed the complaint in July 2016.

On August 1, 2016, Magistrate Judge William I. Garfinkel informed the plaintiff that Local Rule 83.1(c)2 required him to notify the court if his address changed at any time during the litigation of this case and that failure to notify the court might result in dismissal of the action. *See* Order, ECF No. 6. There is no evidence to suggest that the plaintiff did not receive a copy of Judge Garfinkel's order. The plaintiff has failed to file a notice indicating his current mailing address as required by Local Rule 83.1(c)(2) and Judge Garfinkel's order.

On June 21, 2017, the court granted the defendants' motion for order to show cause why the case should not be dismissed for failure to prosecute. *See* Ruling and Order, ECF No. 21 at 2. The court directed the plaintiff to file a statement, within thirty days, demonstrating why the case should not be dismissed for failure to prosecute. The court warned the plaintiff that if he did not respond to the order, the defendants could move to dismiss for failure to prosecute or the court could *sua sponte* dismiss the case for failure to prosecute.

On June 22, 2017, the Clerk attempted to mail the order to the plaintiff at his address on file with the court, Bridgeport Correctional Center, 1106 North Avenue, Bridgeport, Connecticut

---

[1] The plaintiff's Offender Information may be found on the Department of Correction website under Inmate Search using his CT Inmate Number 361798. *See* http://www.ct.gov/doc/site/default.asp. (Last visited on August 18, 2017).

06604.  On July 19, 2017, the United States Postal Service returned the envelope containing the order to the Clerk with a notation that it was unable to deliver it to the plaintiff at Bridgeport Correctional Center and was unable to forward it to any other address.  *See* Docket Entry, July 19, 2017.

The court concludes that the plaintiff has failed to comply with an order and rule of the court regarding his obligation to keep his current mailing address on file with the Clerk.  *See* Order, ECF No. 6; Local Rule 83.1(c)(2).  In addition, the plaintiff has not kept counsel for the defendants apprised of his current address and counsel has been unable to complete discovery as a result.  Accordingly, the case is **DISMISSED** without prejudice for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P.  The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated:  Hartford, Connecticut
August 21, 2017